UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRIAN WINTERS                                              CIVIL ACTION

VERSUS

DRIVEN BRANDS                                              NO: 18-00708-BAJ-RLB

## ORDER

Before the Court is Defendant's **Motion to Quash Improper Service, Set Aside Default, and Permit Defendant Ten Days to Respond to Plaintiff's Complaint (Doc. 20)**. The record reflects that on February 28, 2019, the Complaint was served and accepted by a person identified only as "Danny". The process receipt and return (Doc. 12) identifies "Danny" as the store manager of Defendant. Defendant asserts that it does not have a store manager nor any employee named "Danny;" therefore the delivery of the summons was not effective service on Defendant. Defendant further asserts that the service of process was not proper because it was not served on Defendant's registered agent for service of process as required by Louisiana Civil Code art. 1266, nor was it served on anyone else authorized to receive service on behalf of Defendant. Defendant further claims that it first learned of the lawsuit when the Clerk's Entry of Default (Doc. 18) was mailed to Defendant's location. For these reasons, Defendant requests that the Court quash the service of process, set aside the default under Federal Rule of Civil Procedure 55(c), and permit it to file a responsive pleading to the Complaint (Doc. 1).

1

## A. Service of Process

A summons can be served on a limited liability company by (1) following state law for serving a summons in an action brought in a court of general jurisdiction in the state where the district court is located or where service is made, or (2) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(h)(1)(A),(B). Under Louisiana law, service of process on a domestic limited liability company is made by personal service on any one of its agents for service of process. La. Code Civ. Proc. Ann. Art. 1266. If the limited liability company has failed to designate an agent or the agent is unavailable, after due diligence, service of process may be made by personal service on (1) any manager, if the management is vested in the manager or (2) any employee of suitable age and discretion at any place where the business of the limited liability company is regularly conducted. La Code Civ. Proc. Ann Art. 1266.

The Court finds that service of process was not properly served on Defendant prior to the entry of default. The individual whom the process was served upon was not someone authorized to receive it to effect proper service upon a limited liability company under Louisiana law or the Federal Rules of Civil Procedure. "Danny" was not a designated agent for this purpose. Any employee merely of suitable age cannot be served by personal service unless Driven Brands failed to designate an agent, which was not the case.

## B. Good Cause to Set Aside Clerk's Entry of Default

Under Federal Rule of Civil Procedure 55(c), a court may set aside an entry of default for good cause. To determine good cause, a court considers: (1) whether the default was willful, (2) whether setting it aside would prejudice the adversary, and (3) whether a meritorious defense is presented. *Koerner v. CMR Construction & Roofing, L.L.C.*, 910 F.3d 221, 225 (5th Cir. 2018) (citing *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000). "A finding of willful default ends this inquiry, for when the court finds an intentional failure of responsive pleadings, there need be no other finding." *Id.* (quoting *In re Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992).

The Court finds that Defendant has shown good cause for the Court to set aside the Clerk's Entry of Default Judgment. Defendant did not willfully ignore the complaint because Defendant did not know of the lawsuit until the entry of default judgment. Plaintiff would suffer no prejudice from the default being set aside, and Plaintiff did not respond to this motion to inform the Court of any prejudice he may encounter if the default is set aside. Defendant has also presented a meritorious defense to the entry of default when it asserted and proved that it had received improper service of process.

**IT IS ORDERED** that Defendant's Motion is **GRANTED**. The Clerk's Entry of Default (Doc. 18) shall be set aside for improper service of process under Rule 4(h).

**IT IS FURTHER ORDERED** that Defendant shall be granted ten days from the date of this order to file a response to Plaintiff's Complaint.

Baton Rouge, Louisiana, this 31ST day of October, 2019.

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**