# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRIAN WINTERS** | **CIVIL ACTION** |
| **VERSUS** | |
| **DRIVEN BRANDS** | **NO.: 18-00708-BAJ-EWD** |

## RULING AND ORDER

Before the Court is **Defendant's Motion to Dismiss (Doc. 26).** Defendant requests that the Court dismiss this matter pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated herein, Defendant's Motion is **GRANTED.**

## I. BACKGROUND

Plaintiff filed a Complaint (Doc. 1), alleging that he was underpaid while working for Defendant. Plaintiff further alleges that he was treated unfairly. Plaintiff provided no detail as to his allegations of being underpaid or the unfair treatment.

Defendant responded with Motion to Dismiss (Doc. 27), seeking dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) due to the failure to exhaust administrative remedies. Defendant argues that although Plaintiff's Complaint provides very little detail, it is "best described as a claim for unlawful retaliation in violation of Title VII based on an alleged involuntary transfer to a less desirable work location and a corresponding reduction in pay." (Doc. 27-2 at p. 2). Plaintiff did not file a response to Defendant's Motion.

1

## II. LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678 (citing Twombly, 550 U.S. at 556). Hence, a complaint need not set out "detailed factual allegations," but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required. Twombly, 550 U.S. at 555.

## III. DISCUSSION

Defendant argues that Plaintiff's Complaint must be dismissed for failure to exhaust administrative remedies. (Doc. 27-2 at p. 1). Defendant argues that although Plaintiff contacted the EEOC, he failed to finalize and sign his Charge of Discrimination. *See* Doc. 15-1. Defendant asserts that there is no evidence of a right-to-sue letter having been issued to Plaintiff; thus, there is no evidence of exhaustion of administrative remedies.

To file a suit under Title VII, a plaintiff first must file a charge with the EEOC within 180 days of the alleged discriminatory act. *Price v. Choctaw Glove & Safety Co., Inc.*, 459 F.3d 595,598 (5th Cir. 2006). If and once the EEOC issues a right-to-sue letter, a plaintiff has 90 days to file a Title VII action. *Id.* The Court finds that Plaintiff has failed to provide evidence that he exhausted administrative remedies. On May 3, 2019, Plaintiff filed a copy of a letter and Charge of Discrimination Form from the EEOC. The letter from the EEOC states, "before we initiate an investigation, we must receive your signed Charge of Discrimination." According to the letter, Plaintiff was required to sign and return the charge within 30 days from the date of the letter, February 12, 2017. (Doc. 15-1 at p. 3). The Charge of Discrimination Form filed by Plaintiff is unsigned, just as Defendant asserts. The Court notes that Plaintiff did not file a response to this motion; thus, Plaintiff did not submit any exhibits evidencing that he submitted a signed Charge of Discrimination Form to the EEOC, or that he received a right-to-sue letter. With no proof of exhaustion, Plaintiff's claim must be dismissed.

**IT IS ORDERED** that Defendant's Motion is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.

Baton Rouge, Louisiana, this 18th day of February, 2020.

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**